NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CURTIS LAUDERDALE,

          Plaintiff,

-against-

NEW YORK NETWORK SERVICES, INC.;
GLADIS TIRADO,

          Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
07-CV-2618 (BMC)

**COGAN**, District Judge,

On March 29, 2007, plaintiff Curtis Lauderdale, appearing *pro se*, filed the instant action against defendants alleging civil rights violations under 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York. By order dated May 30, 2007, the United States District Court for the Southern District of New York transferred the action to this Court because the defendants are located in Brooklyn and the cause of action arose in Brooklyn. The Court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order. For the reason set forth below, the complaint is dismissed.

## BACKGROUND

Plaintiff alleges that on February 19, 2007, defendant Gladis Tirado, a therapist at New York Network Services, Inc., located in Brooklyn, informed plaintiff's parole officer that plaintiff threatened to kill her. (Compl. at 3). Plaintiff denies threatening Tirado and asserts that her disclosure to the parole officer was in violation of his constitutional rights under the First and Fifth Amendments. (Compl. at 3). Plaintiff seeks monetary damages. (Compl. at 5).

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint, filed *in forma pauperis*, if it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." Because plaintiff is proceeding *pro se*, his papers must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Plaintiff brings this action alleging civil rights violations by defendants pursuant to 42 U.S.C. § 1983. (Compl. ¶ 9). Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ... 42 U.S.C. § 1983.

It is well settled that in order to maintain an action under 42 U.S.C. § 1983, a plaintiff must allege that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (internal citations omitted) (also known as the "state action" requirement of § 1983); see also Palmieri v. Lynch, 392 F.3d 73, 78 (2d Cir. 2004), cert. denied, 126 S.Ct. 424 (2005). This requirement excludes from the reach of § 1983 private conduct, "however discriminatory or wrongful." American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotation omitted).

Here, plaintiff does not allege that defendants are state actors or acted pursuant to state "statute, ordinance, regulation, custom." 42 U.S.C. § 1983; see generally Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982) (no state action where teachers sued a private college under § 1983 even if the State paid the tuition of the students); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 156-60 (1978) (no state action for conduct of warehouseman under § 1983 for threatening to sell goods in its possession even if the sale was authorized by a state statute); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 172-75 (1972) (no state action for racial discrimination by a private club that was heavily regulated by the Pennsylvania Liquor Control Board). As defendants are private parties, any claim under 42 U.S.C. §1983 is not cognizable and must therefore be dismissed without leave to re-plead.

## CONCLUSION

Accordingly, plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
July 2, 2007

SO ORDERED.

/s/(BMC)
U.S.D.J.